IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE:<br><br>Michael Antonio Durant,<br><br>    Debtor-Appellant,<br><br>v.<br><br>Big Rig Lending, LLC,<br><br>    Appellee. | C/A No. 3:18-cv-01700-CMC<br><br>Appeal from<br>Bankruptcy Case No. 18-00246-DD<br><br>Opinion and Order Affirming<br>Order of the Bankruptcy Court |

This matter is before the court on appeal from the Order of the Bankruptcy Court entered June 6, 2018, denying Debtor-Appellant Michael Antonio Durant's ("Durant") motion to reconsider the Order Dismissing the Case, entered May 2, 2018. *See* ECF No. 2-1 at 90-91 (June 6 Order), 72-75 (May 2 Order). For the reasons below, the Order of the Bankruptcy Court is affirmed.

**PROCEDURAL HISTORY**

Durant filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of South Carolina on January 19, 2018. ECF No. 2-1 at 1, 5-11. Along with this Petition, Durant filed a Chapter 13 Bankruptcy Plan and proposed to make monthly payments of $280 to Big Rig Lending ("Big Rig") over 60 months for return of a 2009 International ProStar Tractor-Truck ("Truck").[1] *Id.* at 50-57. Big Rig filed an objection to Durant's proposed Plan, arguing the grace period on the Pawn Transaction Contract

---

[1] Durant had previously entered into a Pawn Transaction Contract in Georgia with Big Rig, in which Big Rig loaned Durant $11,015.00 and Durant pledged the Truck as security. *Id.* at 64-67.

had expired, that Big Rig had (after fairly extensive effort) repossessed the Truck on January 12, 2018, and that Durant had no ownership or right of redemption in the Truck. *Id.* at 59-62. On April 11, 2018, Big Rig filed a Supplemental Objection to Durant's Plan, arguing the Truck was no longer property of the estate and requesting the court deny confirmation of Durant's Chapter 13 Plan. *Id.* at 69-70.

In addition to the Chapter 13 Petition, Durant filed a Complaint in an Adversary Proceeding against Big Rig Lending for turnover of property ("Turnover Action") on January 24, 2018. *Id.* at 2; ECF No. 2-2 at 4-5. Durant's Complaint in the Turnover Action alleged the Truck became property of the bankruptcy estate or debtor in possession upon filing, and Big Rig was "unreasonably withholding this vehicle" because Durant "filed his chapter 13 plan which provides payment for full balance of Defendant's collateral." *Id.* at 5. Durant requested immediate return of the vehicle and attorney's fees and costs. *Id.* Big Rig filed an Answer and Motion for Expedited Hearing. *Id.* at 7-18. Durant moved for Judgment on the Pleadings, arguing South Carolina law, not Georgia law, applied to the proceedings. *Id.* at 32-36. As South Carolina law "specifically excludes vehicles as pledged goods," Durant claimed it would be a violation of public policy for the court to accept the Georgia Pawn Transaction Contract at issue. *Id.* at 34.

The Bankruptcy Court noted the parties had previously advised the court the matter was ready for trial, and trial was scheduled for March 9, 2018. *Id.* at 38. Because the trial was eight days away, allowing time for briefing would delay the trial date, and the motion did not meet the requirements of either Fed. R. Civ. P. 12(c) or 56(c), the motion was denied. *Id.* at 39.

After trial, the court issued an Order finding Georgia law applied to the pawn transaction because "the mere fact that Georgia allows pawning of motor vehicles while South Carolina law does not is not dispositive that Georgia's law violates South Carolina public policy." *Id.* at 56.

2

However, the court also found Big Rig had not complied with Georgia law because it dispersed loan proceeds without first receiving title to the Truck. Thus, the contract did not apply until January 12, 2018, when Big Rig obtained possession of the Truck. *Id.* at 57-58. Because the grace period began at that time, Durant still possessed the right to redeem, and that right was the property of the bankruptcy estate. *Id.* at 58. The court held Big Rig was entitled to adequate protection, and that Durant must maintain insurance on the truck, obtain confirmation of his Chapter 13 Plan, and make all trustee payments. The court specifically made Durant's possession of the Truck conditional on confirmation of Durant's Chapter 13 Plan: Big Rig could retain possession of the Truck until the Plan was confirmed, at which time it "must immediately return the truck to Plaintiff." *Id.* at 59. Durant's request for turnover was "provisionally granted," subject to confirmation of the Chapter 13 Plan. *Id.* at 60. Big Rig then filed a motion to alter or amend the Order provisionally granting Plaintiff's request for turnover, requesting denial of turnover. *Id.* at 62. Durant opposed. *Id.* at 85-86. This matter was considered at the hearing to confirm the Chapter 13 Plan.

The Bankruptcy Court held the confirmation hearing on April 23, 2018, and denied confirmation of the Plan.[2] A written Order followed, finding the bankruptcy case and Plan were not filed in good faith, because the petition was filed for the purpose of recovering the repossessed Truck and the Plan was proposed almost solely for the purpose of treating the debt owed to Big Rig. ECF No. 2-1 at 72-75. The court concluded Durant did not meet his burden to show good

---

[2] Big Rig's motion to alter or amend the Turnover Order was found to be moot, because confirmation of Durant's Chapter 13 Plan was denied and the Turnover Order was vacated. ECF No. 4-2 at 45.

faith, and therefore confirmation of the proposed plan was denied and the case dismissed. *Id.* at 75.

Thereafter, Durant filed a motion to alter or amend the Order dismissing his Chapter 13 Plan, arguing he showed good faith "by proposing a plan that pays more than the original loan by nearly $3,000.00." *Id.* at 79. Durant also argued *res judicata* applied to the findings made at the turnover hearing. *Id.* at 80. Big Rig filed a Return, requesting the court deny Durant's motion for reconsideration as its previous order "properly held that Debtor lacked good faith," and *res judicata* did not apply. *Id.* at 82-88. On June 4, 2018, a hearing was held on this motion and it was denied. An Order followed, finding *res judicata* did not apply because the issue of good faith was not determined at the turnover hearing and findings at that hearing were conditional upon Durant obtaining confirmation of a Chapter 13 plan, which he was unable to do. *Id.* at 90-91. Therefore, the court held Durant did not provide grounds for reconsideration, and the motion was denied. *Id.* at 91. This appeal followed.

## STANDARD OF REVIEW

On review of a Bankruptcy Court's order, the district court functions as an appellate court and may affirm, reverse, modify or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. The district court reviews the Bankruptcy Court's findings of fact for clear error and its legal conclusions de novo. *See In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 244 (4th Cir. 2005). Findings of fact are clearly erroneous "when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Green,* 934 F.2d 568, 570 (4th Cir. 1991). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

4

"The normal rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts." *Turshen v. Chapman*, 823 F.2d 836, 839 (4th Cir. 1987) (citing *Katchen v. Landy,* 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966)). *Res judicata* bars a subsequent claim

> when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) *(citing Kenny v. Quigg,* 820 F.2d 665, 669 (4th Cir.1987)).

**DISCUSSION**

Durant frames the operative issue as one of *res judicata*: whether claim preclusion applies to bar the court from reaching a different result on confirmation than in the Turnover Action. Durant contends he "prevailed" in the Turnover Action, and was "surprised" at the Order finding the turnover of the Truck conditional on achieving confirmation of the Chapter 13 Plan. ECF No. 5 at 5-6. Durant notes he then "lost the second hearing" even though he contends the only creditor to object to the Plan, Big Rig, had a "full opportunity to express all objections at the first hearing," including the issue of good faith. *Id.* at 6. Essentially, Durant argues Big Rig should have raised the issue of good faith at the turnover hearing and, having failed to do so, is barred by *res judicata* from prevailing on that issue at the confirmation hearing.[3]

---

[3] It does not appear Durant raised the issue of *res judicata* at the confirmation hearing, although it was raised in his motion for reconsideration. There may be a question regarding whether Durant may raise the issue of *res judicata* on appeal. *See Southern Management Corp. Retirement Trust v. Rood*, 532 Fed. Appx. 370, 372 (4th Cir. 2013) ("Where, as here, the issue [of *res judicata*] was

5

In response, Big Rig asserts the issue of good faith was not addressed in the Turnover Action, and further, good faith is not an element of a turnover action. ECF No. 6 at 14. Big Rig also notes the Bankruptcy Court "specifically preserved [confirmation] issues for the later scheduled Plan confirmation hearing." *Id.* at 16. Therefore, it argues, *res judicata* does not apply. Big Rig further argues the Bankruptcy Court's decision regarding good faith was "amply supported by the evidence when considering the applicable legal standard." *Id.*

In reply, Durant argues the Turnover Order should be considered a final order because Big Rig filed a motion to reconsider under Fed. R. Civ. P. 59(e) and/or 60, "both of which are motions that seek relief from or for a reconsideration of a <u>final</u> Order." ECF No. 7 at 5 (emphasis in original).

The court agrees the issue of good faith was not considered or ruled upon by the Bankruptcy Court at the turnover hearing. However, *res judicata* does not apply to bar this issue from the confirmation hearing. It is clear the Order issued by the Bankruptcy Court after the turnover hearing was not a final order, as it was explicitly made conditional on the confirmation of Durant's Chapter 13 Plan. ECF No. 2-2 at 60 ("Plaintiff's request for turnover is provisionally granted . . . Defendant may retain possession of the truck until Plaintiff has obtained a confirmed chapter 13 plan."); *see Mort Ranta v. Gorman*, 721 F.3d 241, 259 n.7 (4th Cir. 2013) ("[A]s a definitional matter, the fact that the order is "conditional" eliminates the possibility that it is "final," unless conditions are satisfied."). Therefore, the turnover of the Truck was conditional on Durant obtaining confirmation of the Chapter 13 Plan, which he failed to do. The Turnover Order was

---

not presented to the court for a ruling until after a trial on the issues, the defense is waived."). However, as it is clear *res judicata* does not apply, the court does not reach this issue.

not final, either in favor of Durant or against, until the Chapter 13 Plan was confirmed. When the Bankruptcy Court denied confirmation, the Turnover Order was vacated. *See* ECF No. 4-2 at 45.

## CONCLUSION

For the reasons set forth above, the court affirms the Bankruptcy Court's Order denying reconsideration of the Order dismissing the case.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
November 14, 2018